NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA FENNELL-BAILLUM, *Next Friend acting on behalf of Robert Fennell SDI0003310898C*,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, NEW JERSEY STATE PRISON *et al*<br><br>Respondents. | Civil Action No. 26-1576 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the submission of a *pro se* petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 (§ 2241) by Laura Fennell-Baillum as the "next friend" of Petitioner Robert Fennell, a prisoner allegedly incarcerated at New Jersey State Prison in Trenton, New Jersey.  (ECF No. 1.)  Fennell-Baillum has also filed a motion to proceed *in forma pauperis* (IFP Motion) (ECF No. 1-1), a motion to consolidate (Motion to Consolidate) the present matter with *Fennell v. New Jersey Department of Corrections*, Civ. No. 25-15750-RMB (ECF No. 4), and two amended habeas petitions (ECF Nos. 5-2, 6).

The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his

behalf."[1] 28 U.S.C. § 2242; *see also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign the petition for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own actions may have third persons—"next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (1) "First, a 'next friend' must provide 'an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); (2) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

---

[1] Under § 2241, habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to § 2241 petitions through Habeas Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Court has an obligation to liberally construe *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to Fennell-Baillum's notarized verification, she is Petitioner's sister, and Petitioner is unable to personally pursue legal remedies due to his current circumstances, including "his unlawful interstate transfer, severe restrictions on his communications, and his detention under a misspelled version of his name, effectively rendering him incommunicado." (ECF No. 1 at 7.) However, assuming *arguendo* that Fennell-Baillum satisfies the two requirements for "next friend" standing, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Accordingly, as a layperson, Fennell-Baillum cannot litigate this case as a next friend for her brother without retaining an attorney. *See Ruiz Perez v. Soto*, No. 25-16871, 2025 WL 3186962, at *2 (D.N.J. Nov. 14, 2025).

For the foregoing reasons, the Court administratively terminates this matter. Within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting a complete and signed habeas petition on the proper form; and (2) either paying the applicable filing fee or submitting a complete and signed IFP application.[2] Alternatively,

---

[2] Local Civil Rule 81.2(a) provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

Under Local Civil Rule 81.2(b),

> If the petition . . . is presented *in forma pauperis* it shall include an affidavit (attached to the back of the form) setting forth information which establishes that the petitioner . . . is unable to pay the fees and costs of the proceedings. Whenever a Federal, State, or local prisoner submits a . . . petition for a writ of *habeas corpus*, . . . and seeks *in forma pauperis* status, the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner

within thirty (30) days of the date of entry of this Memorandum and Order, Fennell-Baillum may reopen this matter if, through counsel, she: (1) files an amended habeas petition on Petitioner's behalf; (2) pays the applicable filing fee or applies for IFP; and (3) files a motion showing that she satisfies the requirements for proceeding as Petitioner's "next friend."  Because the Court is administratively terminating this proceeding, the Motion to Consolidate and IFP Motion are denied without prejudice.

IT IS, therefore, on this 14th day of May, 2026, ORDERED as follows:

1. The Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter.

2. Within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting a complete and signed habeas petition on the proper form; and (2) either paying the applicable filing fee or submitting a complete and signed IFP application; alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, may reopen this matter if, through counsel, Fennell-Baillum: (1) files an amended habeas petition on Petitioner's behalf; (2) pays the applicable filing fee or applies for IFP; and (3) files a motion showing that she satisfies the requirements for proceeding as Petitioner's "next friend."

3. The IFP Motion (ECF No. 1-1) is DENIED without prejudice.

---

is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification. The affidavit and certification shall be in the forms attached to and made a part of these Rules as Appendix P.

Accordingly, if Petitioner intends to proceed IFP, he must complete and submit the applicable form (form DNJ-Pro Se-007-B-(Rev. 09/09).

4. The Motion to Consolidate (ECF No. 4) is **DENIED without prejudice.**

5. The Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 4.

6. The Clerk of the Court shall serve a copy of this Memorandum and Order, a blank §
   2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. §
   2241, a blank form DNJ-Pro Se-007-B-(Rev. 09/09), and a blank form AO 239 (Rev.
   01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long
   Form), upon Fennell-Baillum (Laura Fennell-Baillum, 14 E. Burton Ave, New Castle,
   DE 10720) and Petitioner (Robert Fennell, 00031089C, New Jersey State Prison, PO
   Box 861, Trenton, N.J. 08625) by regular United States mail.

_____
**GEORGETTE CASTNER**
**United States District Judge**